## Case No. 7,067.

### In re IRONS et al.

### Ex parte ADLER.

[18 N. B. R. 95; [1] 26 Pittsb. Leg. J. 11.]

District Court, W. D. Michigan. March 13, 1878.

---

[1] [Reprinted from 18 N. B. R. 95, by permission.]

Albert Jennings, for creditor.
O. H. Simons, for assignee.

WITHEY, District Judge. It has always been held by this court that an attaching creditor is not entitled to have his costs therein allowed and paid out of the bankrupt's estate, where the attachment lien fails in consequence of proceedings in bankruptcy taken against the debtor within the time which renders the attachment void under the bankrupt act, unless it is shown that the attachment was instituted in the interest and for the general benefit of creditors, and not for the benefit of the attaching creditor alone. The only ground on which the clause in the bankrupt law (section 5044) dissolving attachments commenced within four months of the proceedings in bankruptcy can be justified is, that the facts which will authorize an attachment are generally such as would justify proceedings in bankruptcy against the debtor, and that the creditor attaching intended to secure an advantage or preference over other creditors of the debtor. If attachment liens must give way to an adjudication of the debtor and conveyance to an assignee of his estate, where an execution lien does not yield to such proceedings, it must be for the reason stated, and if so, then it is difficult to see why costs made in such attachment proceeding should be paid out of the estate, unless the attachment is employed merely as auxiliary to the bankruptcy proceeding. If employed otherwise, the attachment has for its object a defeat of the purpose of the bankrupt act, and to allow the attaching creditor costs out of the estate in such case would be inviting attachments against insolvent debtors instead of discouraging them. Whenever it is shown that the attachment was levied in aid of the general creditors, and seemed necessary to their protection by seizing the debtor's property in order to protect it until proceedings in bankruptcy could be instituted and a warrant of seizure be issued, I regard it just and proper to allow the necessary costs of the attachment to be paid by the assignee in bankruptcy from assets in his hands, because all creditors are supposed to be benefited by having the debtor's property secured and held to await the appointment of an assignee, in a case where there was good reason to believe the debtor was about to make some improper disposition of his property. But in such cases I have required a plain and full showing that the creditors generally were benefited, and that the attaching creditor's design was to employ the writ of attachment in aid of bankruptcy proceedings. The facts of this case are not within such exception.

There is an exceptional fact in this case, viz.: that composition was proposed and accepted before an assignee was appointed. But as the attaching creditor refused to surrender his lien it became necessary, after the composition was accepted, to choose an assignee and have the bankrupt's estate conveyed to him, under section 5044 [Rev. St. U. S.] before the attachment could be declared dissolved. We think the fact of the proceedings of composition affords no ground to modify the rule of practice as to paying the costs of the attachment, as we have stated it. An assignee was appointed and the debtor's property assigned; the attachment was thereupon dissolved. The evident design of the attaching creditor was to defeat the operation of the bankrupt law. Application denied.